WYLIE G. HUNTER
*Self Represented Litigant*
1401 E. Coeur d'Alene Ave.
Coeur d'Alene, ID 83814
(208) 620-0627

U.S. COURTS

JUN 20 2019

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRIC COURT

DISTRICT OF IDAHO

| | |
|---|---|
| WYLIE G. HUNTER,<br><br>    Plaintiff,<br>v.<br><br>STATE OF IDAHO, Governor Brad Little, District Judge Lansing Haynes, Prosecutor Barry McHugh, Former Deputy Prosecutor Ann Wick, ISP Detective Terry Morgan, ISP Trooper Ron Sutton, Retained Attorneys: John Redal, Doug Phelps, and James Siebe, Investigator Ted Pulver, States Witnesses Misty Whited and Richard Shabazian, and DOES 1-5,<br><br>    Defendants. | Case No.: 1:19-cv-227-BLW<br><br>COMPLAINT FOR FRAUD ON THE COURT<br>(28 U.S.C. § 1331: Federal question)<br><br>Jury Trial Requested **xx** yes ___ no |

## 1. JURISDICTION

Jurisdiction in this case is based on a federal question (meaning that this suit is based upon a federal statute or provision of the United States Constitution):

  ☒ Federal Statute: 28 U.S.C. §1331
  ☒ United States Constitution (Fourth and Sixth Amendment)
  ☐ And a state law claim under the Court's supplemental jurisdiction authority.

Complaint for Fraud on the Court         1

## 2. PLAINTIFF

My name is WYLIE G. HUNTER. I am a citizen of the State of Idaho, County of Kootenai, presently residing at 1401 E. Coeur d'Alene Ave., Coeur d'Alene, ID 83814.

## 3. DEFENDANT AND CAUSE OF ACTION

    A.    I am suing the State of Idaho (through its agents, servants and employees and defense lawyers, officers of the court, John Redal, Doug Phelps, James Siebe, and Investigator Ted Pulver) for the clear and convincing evidence of material facts in this Fraud on the Court Motion with regard to State v Hunter, Case No. CRF-2007-20448 that represents three (3) Motions to Suppress Hearings held on February 15 and continued on February 25, 2008 and March 20, 2009. The evidence proves Deputy Prosecutor Ann Wick, officer of the court, ISP Detective Terry Morgan, ISP Trooper Ron Sutton, State Witness Misty Whited, and Richard Shabazian all knowingly and willfully are guilty of committing felony criminal violations. All paid in full defense lawyers, John Redal, Doug Phelps, James Siebe and paid in full investigator Ted Pulver, all knowingly and willfully were illegally concealing favorable evidence of material fact from Hunter. Their conduct was particularly egregious characterized by perjured testimony and false fabrications in furtherance of a scheme designed to conceal critical materials from the court and its decision and Wylie Hunter's defense of the action, where their conduct was perpetrated repeatedly under the supervision of Deputy Prosecutor Ann Wick, officer of the court, and her investigator in this case, ISP Detective Terry Morgan.

1. Governor Brad Little is responsible for the Idaho State Police. With the clear and convincing evidence of material facts you have already been a witness to in the Fraud on the Court Motion filed in U.S. Court on April 5, 2019, Case No. CV-19-113 I am serving you a recent filed Fraud on the Court Motion filed in U.S. Court in regards to the Original Criminal Case No. CRF-2007-20448, State v Hunter. The evidence of material facts from the two motions filed in U.S. Courts that proves Idaho State officers of the court, Idaho State Police officers, employees and witnesses for the State all knowingly and willfully are guilty of committing felony criminal violations of material facts in the Idaho State Courts and manufacturing evidence of material facts. It becomes your higher duty to investigate or cause to be investigated any possible, illegal or unconstitutional notice brought to your personal attention by any party. To fail to act on possible criminal or civil rights violations creates a personal liability on your part. The higher duty to know the law and act within it runs all the way to the top.

2. District Judge Lansing Haynes. There is clear and convincing evidence of material facts that Judge Haynes did not have jurisdiction assigned to him to rule on State v Hunter, Case No. CRF-2007-20448. In Judge Haynes' final decision in the Motion to Suppress Hearing held on March 20, 2009, he ruled on falsification of facts against Hunter. There is also evidence of material

facts to prove Judge Haynes violated Hunter's fundamental right to due process, fair and impartial hearing, as guaranteed in the U.S. Constitution by the Fourth and Sixth Amendments and the State of Idaho Constitution.

3. Kootenai County Prosecutor, Barry McHugh. Under ABA standards and Rules of Procedure 31.1, the duty of the Prosecutor is to seek justice not merely convict. Barry McHugh being the chief prosecutor was responsible for the criminal actions and illegal and criminal conduct by Deputy Prosecutor Ann Wick. Mr. McHugh has absolute immunity so long as he is acting within his scope of his duty. The chief prosecutor McHugh had to know the unethical, illegal concealment of the DVD R1-1169 and other illegal and criminal acts of his Deputy Prosecutor Ann Wick or suspected. He did not step forward to correct the situation or bring knowledge of the situation to the proper authorities. By doing nothing he is an accomplice in illegal activities for his knowledge and could be held legally responsible.

4. Former Deputy Prosecutor Ann Wick. There is clear and convincing evidence of material facts in this Fraud on the Court Motion to prove former Deputy Prosecutor Ann Wick officer of the court knowingly and willfully is guilty of committing several criminal felony violations and fabricating false evidence of material facts during the Motion to Suppress Hearings held on February 15 and continued on February 25, 2008 and March 20, 2009. The absolute truth proves Ann Wick will deliberately do any illegal criminal act and direct the law officers and state witnesses under her supervision to do the same to win a case. How many defendants are serving time in prison for Ann Wick's evil illegal criminal actions? Ann Wick is not above the law. All legal authority over her that doesn't act creates a personal liability on their part. If you do not step forward to correct the situation or bring knowledge you have to the proper authorities, you are an accomplice in the activities if you do nothing.

5. ISP Detective Terry Morgan. There is clear and convincing evidence of material facts to prove in this Fraud on the Court Motion in regards to the Motion to Suppress Hearings on February 15 and continued on February 25, 2008 and March 20, 2009 ISP arresting officer and investigator in this case to prosecutor Ann Wick, Detective Terry Morgan knowingly and willfully is guilty of committing several criminal felony violations and manufacturing evidence of material facts. The absolute truth in this motion proves that Detective Terry Morgan was willing to go to any length of illegal criminal acts to win a case. Detective Morgan needs to be held responsible for his deliberate felony violations.

6. Trooper Ron Sutton. There is clear and convincing evidence of material facts to prove in this Fraud on the Court Motion in regards to the Motion to Suppress Hearings held on February 15, 2008. ISP Trooper Ron Sutton knowingly and willfully committed several criminal felony violations. This

evidence is proof that Trooper Ron Sutton will be involved in criminal actions to win a case. Trooper Sutton needs to be held responsible for his felony violations.

7. John Redal. John Redal was paid in full to bring a Motion to Compel to the Court to expose the DVD R1-1619 in aid of the disposition of my case.

   There is clear and convincing evidence of material facts in this Fraud on the Court Motion in regards to the Motion to Suppress Hearing held on November 13, 2007 that will prove Attorney John Redal was paid in full in good faith for his fee from Hunter's family to represent Wylie Hunter. The actions by John Redal, officer of the court, knowingly and willfully violated all code of ethics and rules of conduct that attorneys shall at all times follow in fulfilling their responsibility in respect toward their legal profession, by felony concealment of important evidence of material facts favorable to Hunter's defense. This prevented Hunter by John Redal's fraud and deception from presenting all of his case to the court and also frauded the court in an unconscionable scheme designed to improperly influence the court and its decision. If evidence has been wrongfully kept from the Court, then the court made its decision based on a misrepresentation. The material facts that are proven in this Motion is evidence that John Redal, officer of the court, knowingly and willfully was working in support of Deputy Prosecutor Ann Wick instead of representing Hunter's efforts to assert a claim or defense. There is evidence of material facts to prove John Redal's deliberate actions contributed to Hunter's conviction and a 15 year sentence.

8. Doug Phelps was paid in full to bring forth a Motion to Compel to the Court to expose the DVD R1-1619 in aid of the disposition of my case.

   There is clear and convincing evidence of material facts in this Fraud on the Court Motion in regard to the Motion to Suppress Hearing on February 15 and continued on February 25, 2008 that will prove Attorney Doug Phelps was paid in full, in good faith for his fee from Hunter's family to represent Wylie Hunter. The actions by Doug Phelps and his associate Peter Jones officers of the court knowingly and willfully violated all code of ethics and rules of conduct that attorneys shall at all times follow in fulfilling their responsibility in respect for their legal profession by felony concealment of important evidence of material facts favorable to Hunter's defense. This prevented Hunter by Doug Phelps' fraud and deception from presenting all of his case to the court. Mr. Phelps was involved in an unconscionable scheme to improperly influence the court and its decision (If evidence has been wrongfully kept from the court then the court made a decision based on misrepresentation). The material facts that are proven in this Motion is evidence against Doug Phelps' an officer of the court, sworn deposition where he knowingly and willfully gave perjured testimony against Hunter's claim and defense, proof that Doug Phelps was working with Deputy Prosecutor Ann Wick in supporting her false

evidence of material facts against Hunter. This is evidence of material facts to prove Doug Phelps' deliberate actions contributed to Hunter's conviction and a 15 year sentence.

9. James Siebe was paid in full to bring forth a Motion to Compel to the Court to expose the DVD R1-1619 in aid of the disposition of my case.

   There is clear and convincing evidence of material facts in this Fraud on the Court Motion in regards to the Motion to Suppress Hearing held on March 20, 2009 with James Siebe as defense lawyer for Hunter. James Siebe deceived Hunter from his original agreements on the issues he would provide and take care of before he was paid in full in good faith by Hunter's family. Most of the new discovered exhibits by Hunter in this Motion were found in James Siebe's past case file. The favorable evidence of material facts were illegally concealed, withheld and suppressed by James Siebe, he had knowledge of this evidence that was in his possession. James Siebe an officer of the court knowingly and willfully denied Hunter the opportunity to present his case. The favorable evidence of material facts that was never presented by James Siebe that Hunter was prejudiced by concerns issues that are central to the truth finding process and interfered with the judicial system's ability, impartially, to adjudicate a matter (if evidence has been wrongfully kept from the court, then the court made its decision on misrepresentation.)

   In James Siebe's deposition Pg. 31, L-17:

   Question: So these things you say you didn't track down, those could have been followed up with the appropriate resources?

   Answer Siebe: Right. And I think they may very well have resulted in a different ending of the case.

10. Ted Pulver. There is clear and convincing evidence of material facts in this Fraud on the Court Motion in regard to the Motion to Suppress Hearing held on February 15 and continued to February 25, 2008, that private investigator Ted Pulver was paid in full in good faith by Hunter's family at the request from defense lawyer Doug Phelps. The new discovered memorandum from Ted Pulver Investigations was illegally withheld (concealed) from Hunter. The favorable evidence of material facts would have been used for impeachment purposes for the probable cause to pull Hunter over. Ted Pulver did not fulfill his professional agreement he agreed to with Hunter after he was paid in full for his fee.

The clear and convincing evidence of material facts proves Ted Pulver knowingly and willfully gave perjured testimony in his sworn deposition against Hunter's defense and claim that prejudiced Hunter by Ted Pulver supporting the Prosecutor's case with now false evidence. Hunter was prevented by Ted Pulver's fraud and deception from presenting all of his case to the court an unconscionable scheme by Ted Pulver designed to improperly influence the court and its decision.

11. States Witness Misty Whited. There is clear and convincing evidence of material facts in this Fraud on the Court Motion in regard to the Motion to Suppress Hearing held on February 15, 2008 that proves Misty Whited, a paid known informant under the direction and control of ISP Detective Morgan and Deputy Prosecutor Ann Wick was subpoenaed to court knowingly and willfully by all the above to give perjured testimony to material facts of evidence to support the prosecution case of a strong smell of marijuana in the Avis Rent a Car Hunter was driving when he was arrested. The fraudulent conduct from Misty Whited concerns issues that were central to the truth finding process a pervasive scheme designed to undermine the judicial process and thwart Hunter's efforts to assert a claim or defense by the prosecutor's repeated perjury and falsification of evidence of material facts using Misty Whited.

12. State Witness Richard Shabazian. There is clear and convincing evidence of material facts in this Fraud on the Court Motion in regard to the Motion to Suppress Hearing held on February 15, 2018 to prove Richard Shabazian under the direction of ISP Detective Terry Morgan and Deputy Prosecutor Ann Wick was subpoenaed to court knowingly and willfully by all of the above to give perjured testimony to material facts of evidence to support the prosecution's case for probable cause to search the Impala Hunter was driving in a fraudulent factory trunk circulation system in the 2007 Chevrolet Impala. This is more evidence of a pervasive scheme designed to undermine the judicial process and thwart Hunter's efforts to assert a claim or defense by deputy prosecutor Ann Wick's repeated perjury and falsification of material facts.

B. I am complaining that the Defendants acted in concert and perpetrated a Fraud on the Court from the clear and convincing evidence of material facts proven in this motion where deputy prosecutor Ann Wick officer of the court, ISP Detective Terry Morgan, ISP Trooper Ron Sutton, State Witnesses Misty Whited and Richard Shabazian all knowingly and willfully committed felony criminal violations repeatedly throughout the two Motion to Suppress Hearings in this case, #CRF-2007-20448, State v Hunter, along with paid in full defense lawyers, officer of the court John Redal, Doug Phelps, his associate Peter Jones, James Siebe and paid investigator Ted Pulver all knowingly and willfully, illegally withheld concealed and suppressed all favorable

evidence of material facts that were in their possession. This resulted in prejudice and harmed Hunter's efforts to assert a claim or defense (the favorable evidence in material facts proven in this motion from Exhibits). This resulted from Hunter being prevented by fraud and deception from presenting all of his case to the court and a denial of justice.

There is also clear and convincing evidence of material facts in this motion to prove Judge Lansing Haynes violated Hunter's fundamental right to due process, a fair and impartial hearing. The specific acts and proof of it which constituted fraud on the court are all set forth with particularity in the Motion for Fraud on the Court filed concurrently herewith.

    C. The involvement in the perpetration of a fraud and fraudulent material misrepresentations made, that are proven from the felony violations that were committed and above described violated the following provisions of the U.S. Constitution, the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment Rights as well as Hunter's corresponding rights under the Idaho State Constitution. Hunter was violated by Deputy Prosecutor Ann Wick officer of the court's deliberate, stated failure to disclose the existence of Trooper Ron Sutton's patrol car video (DVD R1-1619), along with Officers of the court, John Redal, Doug Phelps, and James Siebe's failure to file Compel Motions for the audio/video. This constitutes an unconscionable scheme by all of the above defendants knowingly and willfully designed to improperly influence the court and its decision.

    D. My life has suffered the following intentional harm damages as a result: I was wrongfully incarcerated and deprived of my **liberty** on a continuing basis which continues today with my parole status. I suffered a severe MRSA infection that was not properly treated by the medical staff at Kootenai County Jail and Idaho State Prison. Collectively they failed to provide proper treatment that has left me with physical and mental complications for the rest of my life. Where the medical staff at Kootenai County Jail and Idaho State Prison acted with deliberate indifference to serious medical need, a violation of my U.S. Constitution and Idaho State Constitutional Rights to be free from the infliction of cruel and unusual punishment. My physical health, my family relations have all been damaged in an amount unknowable at present but certain to continue into the future.

This case is brought to enforce my Constitutional Rights under 42 U.S.C. §1983.

    E. I seek the following relief: I request the Honorable Federal Judge to Vacate Orders and Judgments of the court in State v Hunter Case No. CRF-2007-024448. I reserve jurisdiction to then seek relief from this court for this §1983 violations which occurred in my case.

This motion is made pursuant to *Federal Rule of Civil Procedure* 60(d)(3) ("Rule60) and shall be based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Wylie G. Hunter and Exhibits attached thereto, the complete files and records of this action, and such other and further oral and documentary evidence as may be presented at the Hearing on this Motion. **SEE DECLARATION OF WYLIE G. HUNTER UNDER PENALTY OF PERJURY AND EXHIBITS 1-28**

## ORAL ARGUMENT IS REQUESTED

I declare under penalty of perjury:

That I am the plaintiff in this action, that I have read the complaint and that the information contained in the complaint is true and correct, as required by 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

Executed at: Coeur d'Alene, Idaho on the __20__ day of __June__, 2019.

_____
WYLIE G. HUNTER

## CERTIFICATE OF SERVICE

I, Wylie Hunter, Hand Delivered Courtesy Copies of the COMPLAINT FOR FRAUD ON THE COURT on the __20__ day of __June__ 2019, to the following:

Traci Jo Whelan                                          HAND DELIVERY
United States Attorney
6450 North Mineral Drive, Ste. 200
Coeur d'Alene, ID 83815

Joseph H. Harrington                                  HAND DELIVERY
United States Attorney
920 W. Riverside Ave. #300
Spokane WA 99201

**All Other Defendants (identified below) have been sent out for PERSONAL SERVICE:**

| | |
|---|---|
| Governor Brad Little<br>State Capitol<br>PO Box 83720<br>700 West Jefferson<br>Boise, ID 83720 | Idaho State Police, District 1<br>Detective Terry Morgan<br>615 W. Wilbur Ave.<br>Coeur d'Alene ID 83815 |

| | |
|---|---|
| District Judge Lansing Haynes<br>Kootenai County Courthouse<br>324 W. Garden Ave.<br>Coeur d'Alene, ID 83816-9000<br><br>Bernard William McHugh<br>Kootenai County Prosecutor's Office<br>PO Box 9000<br>324 W. Garden Ave. Dept. PAO<br>Coeur d'Alene, ID 83814<br><br>Ann Wick<br>US Attorney, District Attorney (Spokane)<br>920 W. Riverside Ave. Ste. 300<br>Spokane WA 99201<br><br>Misty Whited<br>c/o **Kootenai County Prosecutor Office**<br>PO Box 9000<br>Coeur d'Alene, ID 83816-9000<br><br>Richard Shabazian<br>1030 N. 22nd Street<br>Coeur d'Alene ID 83814 | Idaho State Police, District 1<br>Trooper Ron Sutton<br>615 W Wilbur Ave.<br>Coeur d'Alene ID 83815<br><br>John Redal<br>Redal & Redal<br>5431 N. Government Way, Ste. 101A<br>Coeur d'Alene ID 83815<br><br>Doug Phelps<br>Phelps & Associates<br>2903 N. Stout Rd.<br>Spokane WA 99206<br><br>James Siebe<br>Siebe Law Office<br>250 Northwest Blvd. #109<br>Coeur d'Alene ID 83814<br><br>Ted Pulver<br>Pulver Investigation & Polygraph<br>802 N. Lincoln St.<br>Post Falls ID 83854 |

I declare under penalty of perjury under the laws of the United States of America and the State of Idaho that the foregoing is true and correct.

Dated: *June 20 / 2019*  _____
Wylie G. Hunter

Complaint for Fraud on the Court                    9